95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re JOHN W. STOLLER, INC., Debtor.
Edward C. HOSTMANN, Trustee, Plaintiff,
v.
WILBUR-ELLIS COMPANY, a California corporation, Defendant-Appellee,
v.
HOUSEHOLD FINANCE CORP., II a Delaware corporation,
Defendant-Appellant,
and
Cuddy Farms, Inc., an Oregon corporation John W. Stoller and
Joann M. Stoller, Wilbur A. Stoller and Helen L.
Stoller, Defendants.
 No. 95-35548.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided Aug. 23, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges, KING, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Household Finance Corporation II ("HFC II") appeals the decision of the district court in favor of Appellee Wilbur-Ellis Company. The district court, in reversing the bankruptcy court, found that the trust deed executed by John and Joann Stoller in favor of HFC II did not convey to HFC II the rights to the proceeds from the land sale contract, but only the legal title to the land.
 
 
 4
 John and Joann acquired their interests in the land--the legal title and the proceeds from the land sale contract--from Wilbur and Helen Stoller. They never took any steps to sever the interests before executing the trust deed in favor of HFC II. As the bankruptcy court correctly observed, without such severance, the right to receive the proceeds of the land sale contract is part of [John and Joann's] real property interest. See Bedortha v. Sunridge Land Co., Inc., 312 Or. 307, 822 P.2d 694 (1991).
 
 
 5
 Therefore, we need only determine whether the trust deed transferred all of John and Joann's real property interests in the land. The trust deed stated:
 
 
 6
 TO SECURE to Lender the repayment of the indebtedness ... Borrower in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Yamhill, State of Oregon
 
 
 7
 See attached [description of property].
 
 
 8
 TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents ... all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust....
 
 
 9
 We agree with the bankruptcy court and conclude that the trust deed transferred all of John and Joann's interests in the land to HFC II, including their right to the proceeds of the land sale contract. Although it would have been wise for HFC II to have specifically described the land sale contract in the trust deed, the existing documents suffice to establish HFC II as the first lien holder to the proceeds of the land sale contract.
 
 
 10
 We REVERSE and REMAND with instructions to reinstate the judgment of the bankruptcy court.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3